UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RYAN C. ROSE                                                              PLAINTIFF

V.                                         CIVIL ACTION NO. 3:23-CV-57-KHJ-MTP

NISSAN NORTH AMERICA, INC., et al.                             DEFENDANTS

ORDER

Before the Court is Plaintiff Ryan C. Rose's [98] Motion for Review of Defendant Nissan North America, Inc.'s [97] Bill of Costs. For the reasons stated below, the Court grants in part and denies in part the motion.

In January 2023, Rose sued Nissan for injuries he sustained while working at a Nissan vehicle assembly plant in Canton, Mississippi. Compl. [1] ¶¶ 7, 15, 38. The Court granted summary judgment for Nissan on August 22, 2024. Order [92] at 7 (citing Miss. Code Ann. § 11-1-66). And it entered a [93] Final Judgment on the same day, dismissing Rose's claims with prejudice. [93].[1] On September 5, 2024, Nissan submitted a [97] Bill of Costs for deposition transcripts totaling $6,007.35. [97] at 1; Jicka Aff. [97-1] at 1–2. In response, Rose filed his [98] Motion for Review, objecting to the [97] Bill of Costs. *See* Pl.'s Mem. Supp. Mot. [99] at 1–3.

Rose argues that Nissan should not receive any costs because the [93] Final Judgment did not explicitly award them. *Id.* at 1 (first citing L.U. Civ. R. 54(c); and

---

[1] The Fifth Circuit later affirmed the [93] Final Judgment. *Rose v. Nissan N. Am., Inc.*, 135 F.4th 1013, 1015 (5th Cir. 2025).

then citing 28 U.S.C. § 1920); Pl.'s Reply [101] at 1–2. The Court disagrees. Federal "Rule [of Civil Procedure] 54(d)(1) independently authorizes district courts to award costs to prevailing parties." *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 380 n.5 (2013). Section 1920 limits taxable costs to six categories, including "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." § 1920(2); *see Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 340 (2019). Local Rule 54(c) sets a 30-day deadline for filing a bill of costs after entry of judgment. *See* L.U. Civ. R. 54(c). And Section 1920 sets the categories of taxable costs. *See Rimini St.*, 586 U.S. at 340. Neither requires a final judgment to explicitly award costs.

Courts entertain a "strong presumption that the prevailing party will be awarded costs." *Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (citation modified). So even when a judgment does not expressly mention costs, it still awards them "by legal implication." *Copper Liquor, Inc. v. Adolph Coors Co.*, 701 F.2d 542, 544–45 (5th Cir. 1983) (en banc) (per curiam), *overruled on other grounds by*, *J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 790 F.2d 1193 (5th Cir. 1986) (en banc); *see also, e.g.*, *Specht v. Google Inc.*, 747 F.3d 929, 936 (7th Cir. 2014) ("A judgment silent about costs is a judgment allowing costs to the prevailing party."). Rose does not dispute that Nissan prevailed and timely filed its [97] Bill of Costs. *See* [99]; [101]. So the Court finds that Nissan should receive costs. *See* Fed. R. Civ. P. 54(d)(1).

Rose also contends that Nissan has not met its burden of showing that it necessarily obtained the deposition transcripts listed in the [97] Bill of Costs for use in the case. [99] at 2–3; [101] at 2–3; *see also* § 1920(2). The Court agrees with respect to John Averrett's deposition only. *See* [97-1] at 8. "[A] party seeking to recover costs must explain why those costs were necessary." *United States ex rel. King v. Solvay Pharms., Inc.*, 871 F.3d 318, 335 (5th Cir. 2017) (per curiam). "[T]he cost of a deposition or copy that is reasonably expected to be used for trial or trial preparation may be taxable." *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination . . . ." *Id.*

First, Nissan used Rose's, Russell Wagner's, and Julius Marsh's depositions to support its [67] Motion for Summary Judgment, "which would unquestionably make them necessary in preparation of the case." *Depree v. Saunders*, No. 2:07-CV-185, 2008 WL 5272098, at *2 (S.D. Miss. Dec. 17, 2008); *see* [99] at 3. Second, Rose noticed Craig Carby's, Virgil Payne's, and Jason Adams's depositions, "making it entirely reasonable for [Nissan] to attend the depositions and request transcripts." *Kent v. Vicksburg Healthcare, LLC*, No. 5:10-CV-195, 2012 WL 3309373, at *1 (S.D. Miss. Aug. 13, 2012), *aff'd*, 534 F. App'x 229 (5th Cir. 2013) (per curiam); *see* [99] at 2. And third, Nissan took Averrett's deposition because Rose designated him as an expert, so Nissan had good reason to expect that Averrett would testify at trial. *Fibre Corp. v. GSO Am., Inc.*, No. 5:04-CV-170, 2006 WL 8459652, at *2 (S.D. Miss. Nov. 27, 2006) ("Typically, where a witness is slated to testify at trial, his deposition

3

is considered reasonably necessary." (citing *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982))); *see* Def.'s Resp. [100] at 3.

But the invoice for Averrett's deposition shows that Nissan spent $1,995.50 to order an "expedited original and 1 certified copy" of his deposition transcript. [97-1] at 8.[2] "A copy of a deposition obtained on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Long*, 807 F.3d at 132 (citation modified). And while parties may receive costs if they necessarily obtained extra deposition transcript copies for use in the case, *id.* at 130, courts generally presume that parties do not need extra copies. *See Christian v. Tackett*, 86 F.R.D. 220, 222 (N.D. Miss. 1979).

Nissan has not explained why it needed to expedite Averrett's deposition transcript or obtain an extra transcript copy. *See* [97-1]; [100]. Nor does Nissan's invoice separate the costs of the original transcript, certified copy, and expedition fees from each other. *See* [97-1] at 8. Since the Court cannot determine how much the original, non-expedited transcript would have cost, it declines to award costs for Averrett's deposition. *See Depree*, 2008 WL 5272098, at *3.

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Rose's [98] Motion for Review. It reduces Nissan's [97] Bill of Costs by $1,995.50 and awards Nissan $4,011.85 in costs. In doing so, the Court has

---

[2] Nissan's invoice for Rose's deposition transcript also listed an extra certified copy. [97-1] at 4. But Nissan later showed that this was a clerical error. *See* Email [100-2]; *see also* [100] at 3–4.

4

considered all the arguments raised. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 21st day of July, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE